**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4368
_____

SAMIR RADONIQI,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(A094-044-990)
Immigration Judge: Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 10, 2011

Before:  FUENTES, VANASKIE and NYGAARD, Circuit Judges

(Opinion filed:  March 16, 2011 )
_____

OPINION
_____

PER CURIAM.

    Samir Radoniqi petitions for review of a final order of removal entered by the

1

Board of Immigration Appeals ("BIA").  We will deny the petition for review.

I.

In 2005, Radoniqi entered the United States on a non-immigrant visa as a business visitor.  Although he entered as a citizen of Serbia and Montenegro, he hails from the city of Peje, in what it is now the nation of Kosovo.  Radoniqi overstayed his visa, and the Department of Homeland Security served a Notice to Appear.  Radoniqi conceded his removability for overstaying, and he sought asylum, withholding of removal, and Convention Against Torture ("CAT") relief.  Radoniqi, presently age thirty-three, claims that he suffered past persecution, both before and after the 1998-99 war in Kosovo, and that he fears future persecution if returned to Kosovo.

Radoniqi alleges that Serbian police officers assaulted him approximately eleven times between 1995 and 1998, usually at checkpoints as he traveled by bus to school.  The assaults resulted in minor injuries, although on one occasion Radoniqi suffered broken ribs, and on a second occasion he suffered injury to his upper leg.  Radoniqi claims mixed Albanian and Bosnian ethnicity, and he contends that he was assaulted due to his Albanian ethnicity.

In early 1999, shortly after the commencement of NATO bombing, the police forced Radoniqi and his family to leave their home in Peje, compelling them to relocate to Montenegro for several months.  Upon return to Peje after the war ended in July 1999, Radoniqi discovered that the family home had been burned.

In 2002, Radoniqi joined the Democratic League of Kosovo ("LDK"), a political party for which he distributed leaflets, provided financial support, and helped organize meetings. He also worked for various non-governmental organizations ("NGOs") after the war, including an NGO that found foster homes for abandoned children. Radoniqi claims that he began receiving threatening letters and phone calls from "Albanian extremists," who labeled him a traitor and demanded that he cease his LDK activities and NGO work. In particular, he was harassed beginning in January 2005 by a man named Muharem Berisha, a member of a rival political party who viewed Radoniqi as a Serb sympathizer. Berisha and his associates threatened and assaulted Radoniqi on several occasions in 2005. After the most serious incident, in which Radoniqi was beaten and hospitalized overnight, Berisha was convicted of assault and sentenced to three months in prison.

Radoniqi continued to receive threats from Berisha and his associates. He then procured his visa to enter the United States and decided to seek asylum. (Radoniqi had previously visited the United States in 2004 as a tourist but returned home.) Radoniqi's father continued to receive threats from Berisha after Radoniqi departed. Radoniqi fears that he will be harmed by Albanian extremists if he returns to Kosovo.

The Immigration Judge ("IJ") assumed the credibility of Radoniqi's testimony and denied relief. The IJ explained that Radoniqi "has described, really, two different worlds in which he has lived," the first being "pre-war in Kosovo with the Serbs in power and

3

the Albanians were oppressed," and the second "after this war where he was able to become a member of a political party that was in a majority when he was there and to obtain various jobs working for [NGOs]." A.R. at 20-21. As to the pre-war events, the IJ concluded that, even if those events amounted to persecution, they do not support a presumption of a well-founded fear of future persecution because Radoniqi's fear of returning to Kosovo is unrelated the harm that he suffered before the war. As to the post-war events, the IJ concluded that those events did not amount to persecution, and, further, that Radoniqi can relocate to another area to avoid future harm from Albanian extremists. The IJ ordered removal to Kosovo.

The BIA dismissed Radoniqi's appeal. It agreed with the IJ that, because Radoniqi's current fear of Albanian extremists is unrelated to the alleged incidents of past persecution by Serbian police, he cannot benefit from a presumption of future persecution. The BIA concluded that the post-war events did not rise to the level of past persecution because Radoniqi failed to show that he was mistreated by the government or by forces that the government was unable or unwilling to control. As to future persecution, the BIA noted that Radoniqi failed on appeal to challenge the finding that he can relocate to avoid future contact with Berisha or other extremists, and he failed to show that relocating to a safe area in Kosovo would be unreasonable. The BIA also determined that Radoniqi's account of being beaten by Serbian police and displaced from his home does not warrant a humanitarian grant of asylum in the exercise of discretion.

4

Finally, the BIA concluded that Radoniqi failed to satisfy his burden for withholding of removal, and it denied CAT relief because Radoniqi failed to show that it is more likely than not that he would be tortured in Kosovo. Radoniqi timely filed a petition for review.

II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). Where, as here, the BIA issues a decision on the merits, we review the BIA's decision, although we will look to the IJ's analysis to the extent that the BIA deferred to or adopted it. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). "We apply substantial evidence review to agency findings of fact, departing from factual findings only where a reasonable adjudicator would be compelled to arrive at a contrary conclusion." Mendez-Reyes v. Att'y Gen., 428 F.3d 187, 191 (3d Cir. 2005). We "uphold the findings of the BIA to the extent that they are supported by reasonable, substantial and probative evidence on the record considered as a whole[.]" Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003).

Radoniqi raises four arguments before this Court, which we will address in the order presented in his brief. First, he contends that the IJ and the BIA erred in failing to make an explicit determination regarding the credibility of his testimony. The BIA, like the IJ, assumed the credibility of Radoniqi's testimony and denied relief. That approach was perfectly acceptable in this case. Indeed, Radoniqi himself argued in his brief to the BIA that, because the IJ had deemed his testimony credible, the BIA "must accept the testimony as true." A.R. at 36. Radoniqi has shown no prejudice from the BIA's doing

5

so, and we are satisfied that "the absence of a finding on credibility is not significant to the disposition of the case." Kayembe, 334 F.3d at 235.

Second, Radoniqi contends that the IJ and the BIA erred by separating the evidence supporting his claim of past persecution along the lines of pre-war and post-war events. He argues that his experiences, both before and after the war, should have been considered in the aggregate to assess whether the harm suffered rose to the level of persecution. The record fails to support this argument.

Radoniqi testified before the IJ that he was harmed by Serbian police prior to the war on account of his Albanian ethnicity, whereas after the war, he was harmed by Berisha and his associates on account of his Bosnian ethnicity, political affiliation, and/or the perception that he was a "traitor." As the IJ aptly observed, Radoniqi described "two different worlds in which he has lived." The alleged persecutors after the war bore no relationship to the persecutors before the war, and the events recounted by Radoniqi do not form an unbroken chain of mistreatment. Rather, the record supports the IJ's finding that the war marked a break from the past in Radoniqi's homeland.

We have held that, "in determining whether actual or threatened mistreatment amounts to persecution, the cumulative effect of the applicant's experience must be taken into account because taking isolated incidents out of context may be misleading." Cheng v. Att'y Gen., 623 F.3d 175, 192 (3d Cir. 2010) (quotation marks and alterations omitted). Here, the IJ and the BIA did not take Radoniqi's experiences out of context,

6

but rather analyzed the events from Radoniqi's "two worlds" within the context in which those events transpired in light of the circumstances that prevailed pre-war and post-war. Further, as the BIA correctly observed, the pre-war events are unrelated to Radoniqi's current fear of Albanian extremists in Kosovo. On this record, we discern no reversible error in the agency's consideration of the evidence.

Third, Radoniqi argues that the BIA erred in failing to determine whether he proved a well-founded fear of future persecution, suggesting that the BIA merely held that he is not entitled to a presumption of a well-founded fear. However, the BIA expressly ruled that Radoniqi "failed to demonstrate a well-founded fear of persecution because he could avoid future persecution by relocating to another part of Kosovo." A.R. at 4 (citing 8 C.F.R. § 1208.13(b)(1)(i)(B)). The BIA explained that Radoniqi failed to establish before the IJ that relocating to a safe area would be unreasonable. See 8 C.F.R. 1208.13(b)(2)(C)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality … if under all the circumstances it would be reasonable to expect the applicant to do so."). Moreover, the BIA concluded that, because Radoniqi did not contest the IJ's finding regarding relocation on appeal, he waived appellate review. Thus, contrary to Radoniqi's suggestion, the BIA did make a finding in which it rejected his claimed fear of future persecution. Further, and notwithstanding his waiver before the BIA, Radoniqi has pointed to no record evidence that compels the conclusion that it

7

would be unreasonable for him to relocate within Kosovo.

Fourth, and finally, Radoniqi argues that the BIA erred in holding that he is not entitled to withholding of removal or CAT relief. The BIA denied withholding of removal on the ground that, because Radoniqi failed to meet his burden of proof for asylum, he necessarily failed to meet the higher burden of proof required for withholding. The same holds true before this Court: because Radoniqi has demonstrated no error in the BIA's decision to deny asylum, he has not shown that he is eligible for withholding of removal under the higher standard of proof that governs that relief. As to the separate issue of CAT relief, the BIA concluded that Radoniqi failed to prove that it is more likely than not that he would be tortured in Kosovo by, at the instigation of, or with the consent or acquiescence of a public official or other person acting in an official capacity. While Radoniqi maintains that he fears torture at the hands of Albanian extremists, he has not shown that the government would be unwilling or unable to protect him. In the past, on the one occasion when Radoniqi complained to the police about the actions of Berisha and his associates, Berisha was arrested and convicted of assault. Substantial evidence supports the denial of CAT relief.

## III.

For the foregoing reasons, we will deny the petition for review.

8